THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOSEPH YARMISH, Defendant.

Court of General Sessions of County of New York, March 13, 1947.

*Frank S. Hogan, District Attorney* °(*Wyllys S. Newcomb,* and *Irving Slonim* of counsel), for plaintiff.

*Hyman Barshay* for defendant.

VALENTE, J.   Defendant moves to inspect the Grand Jury minutes or, in the alternative, for a dismissal of the indictment because of insufficiency of evidence.   The indictment contains nineteen counts.   The first ten counts charge the defendant with fraudulently obtaining property for charitable purposes in violation of section 934 of the Penal Law.   The next five counts accuse the defendant of receiving property in false character in violation of the provisions of section 930 of the Penal Law, while the last four counts charge the crime of grand larceny under section 1290 of the Penal Law emanating from defendant's fraudulent representations to various persons, firms and corporations.

Section 930 deals with a person who falsely personates or represents himself as an officer or agent of any incorporated society or institution and, in such assumed character, receives, with intent to convert the same to his own use, any money or property knowing that it is intended to be delivered to such society.   Section 934 concerns the fraudulent obtaining of property for alleged or pretended ·charitable purposes by false pretenses, while section 1290 defines as grand larceny the wrongful obtaining of property by any means whatever, with

the intent to deprive or defraud the true owner of the use and benefit thereof.

In the early part of 1946, the defendant set himself up as a dealer in textiles. Prevailing conditions in the market precluded the procurement of such merchandise in any substantial quantities, there not being a supply sufficient to meet the requirements of the established trade. Cognizant of this fact, the defendant embarked on a scheme to obtain goods which would not otherwise be available to him. He approached different merchandising concerns in the city of New York and, through the use of a spurious document, represented himself as an agent of an accredited charitable organization. Upon the basis of this false representation, and additional ones to the effect that the charitable organization was interested in buying goods for the relief of needy persons overseas, merchants were induced to make available quantities of this scarce merchandise. Price, terms of payment and volume were fixed on the representation and assumption that they were being purchased by the charitable organization. The goods were invoiced to the organization and committed for delivery in its name, to a trucking concern designated by the defendant. By resort to subterfuge, the defendant obtained the bills that were forwarded to the charitable organization and paid them with his own funds. None of the goods ever came into the possession of the organization, but were appropriated and sold by the defendant for his own account and profit.

Defendant urges that although the conduct alleged may be both highly unethical and reprehensible, nevertheless, neither the spirit nor the letter of the said statutes was violated, since the vendors received from defendant the full amount fixed by them for the merchandise. With respect to sections 930 and 934, he argues that the vendors neither pretended nor intended to give charity. He also urges that these sections are calculated solely to punish persons who pose as representatives of charitable organizations and then convert to their own use money or property intended as a voluntary and gratuitous contribution by one who is misled into believing that the money or property is being used for a charitable purpose. With respect to the grand larceny counts, the defendant argues that the vendors parted with title and possession of the property upon receipt of the full value therefor from defendant.

The acts alleged to have been committed by defendant are similar in all the counts of the indictment and form an identical

pattern. They were adequately established by competent evidence before the Grand Jury and fall squarely within the language of sections 930, 934 and 1290. There is the intent on the part of the defendant to obtain merchandise by dishonest and fraudulent means, the representations of agency and purpose — false and known by the defendant to be false when they were made by him — the reliance thereon by the merchants and, finally, the interception and appropriation by the defendant of the merchandise intended for the charitable organization.

The question resolves itself into whether one is relieved of criminal responsibility by payment of the value or selling price of property so wrongfully acquired.

The receipt by a seller of the sales price does not exclude the possibility of larceny or criminal fraud. The defendant's assumption that the statutes in question are not offended because he paid the full amount fixed by the merchants is not well grounded.

The sales were induced by the defendant's fraudulent representations. The goods were of a type in which critical shortages existed. Their possession by the vendors gave them a scarcity value greater than that reflected in the price paid by defendant. The merchants were deluded into believing that the goods were intended for laudable charitable purposes and were so induced to part with them. It cannot be said what concessions in price were obtained as a result of the charitable motivation. With respect to at least one vendor, the direct evidence is that the defendant obtained a special price.

Not only were the merchants deprived of their right to choose to whom to sell, but in dealing with a supposed agent of a charitable organization, they obviously did not deal upon the same conditions that would prevail in negotiating at arm's length with a recognized merchant. The owners would not have parted with the goods had they known the true facts. They did not intend the defendant to have the property, or that title pass to him, or that the goods be put to the use to which he put them.

The applicable sections of the Penal Law should not be construed so inflexibly as to exclude conduct so palpably fraudulent. In *United States* v. *Rowe* (56 F. 2d 747, certiorari denied 286 U. S. 554) in discussing criminal fraud, the court said (p. 749): " Civilly of course the action would fail without proof of damage, but that has no application to criminal liability. A man is none the less cheated out of his property,

when he is induced to part with it by fraud, because he gets a quid pro quo of equal value. It may be impossible to measure his loss by the gross scales available to a court, but he has suffered a wrong; he has lost his chance to bargain with the facts before him. That is the evil against which the statute is directed."

I do not read sections 930 and 934 of the Penal Law so restrictively as defendant contends because if these were the only purposes of the sections, they must be deemed mere surplusage, since such situations would be sufficiently covered by the sections of the Penal Law defining larceny. Fairly interpreted, the purposes of sections 930 and 934 appear to be to prevent impositions upon persons who part with property as a result of commendable charitable impulses, only to find that they have been duped and that their money or property has been diverted or converted to some other use. The giving of charity can take many forms. To the giver the extent of what is given is not measured solely by the amount. The merchants here intended to extend aid to a charitable purpose by giving up their undoubted right to prefer, for business reasons, one customer over another. They were no less imposed upon than if they had parted with the monetary value of their rights by a direct contribution to the organization. Since the language of the statutes, reasonably interpreted, would include the acts of the defendant in the instant case, there is no reason why the restrictive construction pressed by the defendant should be adopted. Neither purpose, precedent, language or logic requires such a holding.

The facts also bring the defendant within the provisions of section 1290 of the Penal Law. Title to the merchandise never passed to this defendant and his payment of the amounts indicated in the bills to the charitable organization did not confer title to the merchandise. There is present an " intent to deprive or defraud another of the use and benefit of property * * *." There is also a taking by the defendant from the true owner of property not intended for him.

Since I find that there was sufficient evidence before the Grand Jury to establish the elements required by sections 930, 934 and 1290 of the Penal Law, the motion is, in all respects, denied.